### ALFRED RODERICK FOR WRIT OF HABEAS CORPUS.

#### MAY 4, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Criminal Law. Indictments. Probation Law.* `

A defendant placed in the custody of the probation officer, under Gen. Laws, cap. 351, § 7, while the indictment is pending, remains in the custody of the superior court, and his discharge cannot be effected by the probation officer and it is competent for the court upon any facts which might be presented, to bring the defendant in on *capias* and to inflict proper punishment. `

PETITION for writ of *habeas corpus.* Heard and denied.

VINCENT, J. This is a petition for a writ of *habeas corpus.* The petitioner represents that he is now deprived of his personal liberty and held in custody by the warden of the State Prison by virtue of a sentence unlawfully imposed upon him by the Superior Court under an indictment charging him with breaking and entering in the night time and committing larceny; that he was duly arraigned on June 24,

1918, pleaded *nolo contendere* and was placed in the custody of the probation officer.

That thereafterwards on December 7, 1921 he was brought in on a *capias* and sentenced to four years in the State Prison.

The petitioner avers that while on probation he in all things kept the peace and was of good behavior, violating none of the criminal laws of the State and alleges that his said arrest and sentence, was illegal and unwarranted and that he should be released from further custody.

The petitioner also sets forth that for a period of six months he was compelled to report, at stated intervals, to the probation officer and that at the end of that period he was advised by said officer that he need not make any further report.

Counsel for the petitioner argues that his client having been placed in the custody of the probation officer for such length of time as would, in the discretion of said officer amount to a sufficient punishment, that upon the release of the defendant from further report neither the court nor such officer had any further authority or control over the body of the petitioner.

We cannot concede the reasonableness of this argument.

By Section 7, Chapter 351, Gen. Laws, 1909, it is provided that "It shall be lawful for any court in the State at any time before sentence to provisionally place any offender, juvenile or adult, who can lawfully be admitted to bail . . . under the control and supervision of a probation officer, and whenever any such offender shall be. placed in the custody or under the control and supervision of any such officer, such officer shall have and exercise the same rights and power in relation to such offender as are or may be possessed by a surety on a recognizance."

The indictment against the petitioner was still pending and he still remained in the custody of the Superior Court.

As this court said in *Scamporino, Petitioner*, 30 R. I. 589, "The respondent, though placed in the custody of the pro-

bation officer, continues to be subject to the authority and direction of the court. The probation officer is but the instrument of the court in carrying out its beneficient purposes."

' The probation officer had no authority to discharge the defendant that power being vested in the court. ·

The petitioner contends that three years and six months after he had been placed on probation he was brought before the court and sentenced to four years in the State Prison for no reason or cause that appears of record. In the absence of anything being shown to the contrary we cannot assume that the Superior Court without reason inflicted upon the petitioner the punishment of which he now complains. It was competent for that court, upon any facts which might be presented, to bring the defendant in upon *capias* and to visit upon him such punishment as might appear to be just and proper.

While the indictment remained in force the defendant therein was in the custody of the Superior Court and his discharge could not be effected by the probation officer.

· The petition for writ of *habeas corpus* is denied and dismissed.

*Anthony V. Pettine*, for petitioner.

*Herbert L. Carpenter, Attorney General*, for State.